IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RAY S. LOBB,                         )
                                     )   No.   05-469-HU
            Plaintiff,               )
                                     )
     v.                              )
                                     )   FINDINGS AND RECOMMENDATION
                                     )
UNITED STATES OF AMERICA,            )
                                     )
            Defendant.               )
_____)

Ray S. Lobb
7948 S.W 166th Place
Beaverton, Oregon 97007
    Pro se

Karin J. Immergut
United States Attorney
District of Oregon
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204
Jeremy N. Hendon
Trial Attorney, Tax Division
United States Department of Justice
Ben Franklin Station
P.O. Box 683
Washington, D.C. 20044
    Attorneys for United States of America

HUBEL, Magistrate Judge:


FINDINGS AND RECOMMENDATION Page 1

Plaintiff Ray S. Lobb brought this action *pro se,* asserting jurisdiction under 28 U.S.C. § 1367, and two claims for relief, which he has designated "Complaints." Complaint #1 alleges that the defendant has filed liens and levies against Mr. Lobb, and that Mr. Lobb believes that he is not a "person liable" for taxes on income pursuant to 26 C.F.R. § 1.61-1 because his income is not wages or self-employment income, and because he has chosen not to volunteer to sign a Form 1040.

Complaint # 2 is a challenge to the existence or amount of his tax liability for 1999 and 2000.

Mr. Lobb seeks "cessation of all collection actions" by the United States, removal of all liens and levies assessed against him, and reimbursement of funds levied against his Social Security check.

The United States moves to dismiss both claims for relief under Rule 12(b)(1) if the Federal Rules of Civil Procedure: the first because it improperly seeks to restrain the Internal Revenue Service's ability to collect federal taxes and/or improperly seeks a declaration regarding federal taxes; and the second because it is a claim brought pursuant to 26 U.S.C. § 6330, which should have been brought in the United States Tax Court.

**Factual Background**

According to the Declaration of Jeremy Hendon, Exhibit A, on May 13, 2004, the IRS notified Mr. Lobb of its intent to levy under 26 U.S.C. § 6331 his outstanding federal income tax liabilities. On May 17, 2004, the IRS notified Mr. Lobb of its intent to levy a

FINDINGS AND RECOMMENDATION Page 2

federal tax lien. Mr. Lobb appealed these determinations on the ground that the math was not correct. Id.

On November 10, 2004, Mr. Lobb was asked to contact the IRS no later than November 29, 2004, to schedule an appeals hearing. Mr. Lobb was told that the hearing would be his opportunity to discuss collection alternatives, such as an offer in compromise or an installment agreement. Id. However, in order to qualify for such alternatives, Mr. Lobb would be required to file tax returns for 2001, 2002 and 2003. Id.

Mr. Lobb did not respond to that letter. The IRS sent another letter on November 30, 2004, requesting a response by December 16, 2004. Id. Mr. Lobb responded by letter that because of the holiday season, he would respond on January 19, 2005. Id.

Mr. Lobb sent the IRS a letter dated January 19, 2005, saying he had health issues and requesting another week to provide a response. However, after two weeks without a response from Mr. Lobb, the IRS Appeals Officer proceeded to evaluate his appeal without a hearing. Id.

On March 3, 2005, the IRS sent, via certified mail, a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 ("Notice of Determination") for the underlying income tax liabilities. Id. The Notice of Determination stated that Mr. Lobb had failed to provide any detailed information about what he meant when he said the math was incorrect, and did not respond to the IRS's attempt to schedule a hearing or offer any viable collection alternatives; it stated further that the IRS had

FINDINGS AND RECOMMENDATION Page 3

complied with applicable laws, regulations and administrative procedures. Id.

Mr. Lobb filed this action on April 4, 2005.

### Standards

A motion under Rule 12(b)(1) addresses the court's subject matter jurisdiction. When deciding a motion under Rule 12(b)(1), the court must view the pleaded facts "favorably." McNatt v. Apfel, 201 F.3d 1084, 1087 (9th Cir. 2000). A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000); Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). Thus, when considering a motion to dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes about the existence of jurisdiction. McCarthy v. United States, 850 F.2d 5587, 560 (9th Cir. 1988). The burden of establishing subject matter jurisdiction rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).

### Discussion

The government asserts that Mr. Lobb's first claim, that he is not a "person liable" for taxes on income, should be dismissed for lack of jurisdiction because the claim is one seeking to prevent the IRS from collecting Mr. Lobb's outstanding federal taxes. Under the terms of the Anti-Injunction Act, 26 U.S.C. § 7421, and the Declaratory Judgment Act, 28 U.S.C. § 2201, the United States has

FINDINGS AND RECOMMENDATION Page 4

not waived sovereign immunity with respect to such claims. The Anti-Injunction Act provides that "no suit for the purposes of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). The Declaratory Judgments Act also contains an exception for cases "with respect to Federal taxes," 28 U.S.C. § 2201.

An action whose purpose is to restrain the assessment and collection of taxes is barred by the Anti-Injunction Act. <u>Alexander v. "Americans United" Inc.</u>, 416 U.S. 752 (1974); <u>Elias v. Connett</u>, 908 F.2d 521, 523 (9th Cir. 1990). Although there are statutory and judicial exceptions to the Act, the court must dismiss for lack of subject matter jurisdiction any suit that does not fall within one of the exceptions to the Act. <u>Elias</u>, 908 F.2d at 523. It is the taxpayer's burden to satisfy one of the exceptions to the Act if he is not to be jurisdictionally barred from seeking relief. <u>Id.</u> Mr. Lobb has not claimed that this action falls within one of the exceptions to the Act.

The government moves to dismiss Mr. Lobb's second claim for relief because it is brought in the wrong court. Under 26 U.S.C. § 6330(d)(1), when an underlying income tax liability is challenged in a collection due process hearing, judicial review over any determination made in the hearing lies with the United States Tax Court, not the district court. See also Treas. Reg. § 301.6330-1T(f)(2), Q-F3/A-F3: "If the Tax Court would have jurisdiction over the type of tax specified in the [collection due process] notice (for example, income and estate taxes), then the taxpayer must seek

FINDINGS AND RECOMMENDATION Page 5

judicial review by the Tax Court."

I agree with the government that this court has no jurisdiction over Mr. Lobb's two claims for relief.

Mr. Lobb filed opposition to the government's motion to dismiss on July 5, 2005, July 11, 2005, and July 15, 2005 (doc. ## 12, 13, 17, 20, 21). On August 3, 2005, plaintiff filed a "Motion to Vacate." (doc. 28). The motion states that Mr. Lobb submits the motion to vacate

> subject to 26 U.S.C. based upon the incompatibility of the Original Complaint filed, with the facts of the case. It appears to Plaintiff that the problem cannot be resolved in a civil action.

Filed with the Motion to Vacate is a Memorandum, stating that Mr. Lobb "concedes that the current action to get relief may not be sustainable" and that "[p]laintiff's failure to clearly indicate a legal claim is probably correct," but that the "Anti-Trust [sic] and Declaratory Judgment Acts arguments by Defendant appear to be frivolous in this case, as is the payment of non existent tax and the preposterous legal hoops required to get it back." The court construes Mr. Lobb's motion to vacate as a concession that the court lacks subject matter jurisdiction over his claims.[1]

I recommend that the defendant's motion to dismiss (doc. # 6) for lack of subject matter jurisdiction be GRANTED.

---

[1] The Memorandum continues with the contentions that the term "United States of America" must be "clearly defined pursuant to pertinent sections of 26 U.S.C.," and that the subject matter of this action constitutes a commercial transaction subject to the Uniform Commercial Code. I find these contentions without merit.

FINDINGS AND RECOMMENDATION Page 6

**Scheduling Order**

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due September 8, 2005. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due September 22, 2005, and the review of the Findings and Recommendation will go under advisement on that date.

Dated this __24th__ day of __August__, 2005.

__/s/ Dennis James Hubel__

Dennis James Hubel
United States Magistrate Judge

FINDINGS AND RECOMMENDATION Page 7